﻿Citation Nr: AXXXXXXXX
Decision Date: 11/06/18 Archive Date: 11/06/18

DOCKET NO. 180829-97
DATE: November 6, 2018
ORDER
The application to reopen the claim of entitlement to service connection for bilateral hearing loss is granted.
The application to reopen the claim of entitlement to service connection for bilateral constant tinnitus is granted.
Entitlement to service connection for bilateral hearing loss is granted.
Entitlement to service connection for bilateral tinnitus is granted.
FINDINGS OF FACT
1. An April 2011 rating decision denied service connection for bilateral hearing loss, and the Veteran did not perfect an appeal with respect to the claim or submit new and material evidence within one year of being notified of the rating decision.
2. Evidence received since the April 2011rating decision that denied entitlement to service connection for bilateral hearing loss, namely a July 2016 private treatment record associating current disability with service, relates to a previously unestablished fact necessary to substantiate the claim.
3. An April 2011 rating decision denied service connection for bilateral constant tinnitus. The Veteran did not perfect an appeal with respect to the claim or submit new and material evidence within one year of being notified of the rating decision.
4. Evidence received since the April 2011 rating decision that denied entitlement to service connection for bilateral constant tinnitus, namely a July 2016 private treatment record associating current disability with service, relates to a previously unestablished fact necessary to substantiate the claim.
5. Bilateral hearing loss is attributable to service.
6. Bilateral tinnitus is attributable to service.
CONCLUSIONS OF LAW
1. The April 2011 rating decision denying service connection for bilateral hearing loss is final. 38 U.S.C. § 7105; 38 C.F.R. § 3.104, 20.302, 20.1103.
2. Evidence received since the April 2011 rating decision is new and material evidence, and the claim of entitlement to service connection for bilateral hearing loss is reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.
3. The April 2011 rating decision denying service connection for bilateral constant tinnitus is final. 38 U.S.C. § 7105; 38 C.F.R. § 3.104, 20.302, 20.1103.
4. Evidence received since the April 2011 rating decision is new and material evidence, and the claim of entitlement to service connection for bilateral constant tinnitus is reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.
5. The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110; 38 C.F.R. §§ 3.303, 3.385.
6. The criteria for service connection for bilateral tinnitus have been met. 38 U.S.C. §§ 1110; 38 C.F.R. §§ 3.303.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from April 1970 to January 1972. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from rating decisions of October 2016 and August 2018.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP).
By a filing of May 2018, the Veteran elected RAMP’s supplemental claim option. Following the denial of both issues by a rating decision of August 2018, the Veteran elected RAMP’s direct review option in August 2018. As of October 1, 2018, the Board is adjudicating RAMP appeals based on a notice of disagreement filed with respect to a rating decision that denied a RAMP supplemental claim, as is the case here.
Whether new and material evidence has been received to reopen the claims of entitlement to bilateral hearing loss and tinnitus.
The Veteran’s January 2011 claim of entitlement to service connection for bilateral hearing loss and for tinnitus were denied by a rating decision of April 2011. The Veteran did not perfect an appeal or submit new and material evidence during the one-year appeal period following notification of the rating decision. Accordingly, the rating decision became final. 38 C.F.R. § 20.1103.
In August 2016, the Veteran again filed a service-connection claim for bilateral hearing loss and tinnitus. Both issues were denied by a rating decision of October 2016 and by a RAMP rating decision (supplemental claim option) of August 2018.
A rating decision of which a claimant is properly notified becomes final if an appeal is not perfected. 38 C.F.R. § 20.1103. Generally, a claim that has been denied in a final, unappealed rating decision may not thereafter be reopened and allowed. 38 U.S.C. § 7105(c). An exception provides that VA shall reopen a disallowed claim if new and material evidence is presented or secured with respect to the claim. 38 U.S.C. § 5108. VA will generally presume the credibility of the evidence in determining whether it is new and material. See Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). The threshold for determining whether new and material evidence has been submitted is low. See Shade v. Shinseki, 24 Vet. App. 110, 117-18 (2010).
At the time of the April 2011rating decision, the evidence of record consisted of the Veteran’s service treatment records, post-service private treatment records, a report of VA audiological examination, and statements of the Veteran. Evidence added to the record since that time includes private treatment records and statements of the Veteran. A July 2016 record of Dr. M. A. provides a positive medical opinion linking the Veteran’s current bilateral hearing loss and tinnitus to noise exposure during service.
At the time of the April 2011 rating decision, a nexus between current disability and service was an evidentiary defect. The newly added private treatment record of July 2016, presumed to be credible for the purpose of reopening, addresses that unestablished fact. Finding that new and material evidence has been received, the Board reopens the claim of entitlement to service connection for bilateral hearing loss and for tinnitus.
Service Connection
Generally, service connection requires a present disability, an in-service incurrence or aggravation of a disease or injury, and a nexus between the present disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d).
For a veteran who served 90 days or more of active service after December 31, 1946, there is a presumption of service connection for organic diseases of the nervous system (including sensorineural hearing loss and tinnitus), if the disability is manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131, 1137; 38 C.F.R. §§ 3.307, 3.309.
Impaired hearing is considered a disability for VA purposes when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels (dB) or greater or where the auditory thresholds for at least three of these frequencies are 26 dB or greater or when speech recognition scores are less than 94 percent. 38 C.F.R. § 3.385.
Entitlement to service connection for bilateral hearing loss and tinnitus.
The Veteran meets the criteria under 38 C.F.R. § 3.385 for a hearing loss disability in both ears. See January 2011 private audiological record; July 2016 record of Dr. M. A. He also has been diagnosed with tinnitus. See March 2011 VA examination report.
Evidence of record indicates in-service noise exposure. The Veteran has given a competent and credible account of his exposure to loud noise during training as a tank crewman, as a crewman, and as a turret mechanic who worked on tanks at a firing range. See Veteran’s statement of February 2011. The Veteran’s DD Form 214 indicates education and training in “armor crew.” The Board finds that exposure to acoustic trauma in service is consistent with the circumstances of the Veteran’s service. 38 U.S.C. § 1154(a).
The evidence further establishes a nexus between military service and current bilateral hearing loss disability and tinnitus. The Veteran has submitted a July 2016 record of Dr. M. A., who determined, based on physical examination and review of the Veteran’s audiological history, that his high frequency sensorineural hearing loss is consistent with noise exposure, and that it is very likely that his tinnitus and hearing loss are secondary to the noise exposure suffered during service.
Evidence that tends to weigh against the claim is the report of the March 2011, VA-contracted examiner, who offered a negative nexus opinion as to both hearing loss and tinnitus. A medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). The VA examiner’s opinion is discounted because the rationale for finding no link to service contradicted, in part, the examiner’s own findings. Specifically, the examiner’s rationale cited the fact that the Veteran had not used hearing protection when doing auto body work following service, yet the medical history section of the report noted that the Veteran had, in fact, used hearing protection when performing auto body repair over 39 years.
The absence of documented hearing loss at service separation does not alone foreclose a grant of service connection for subsequently demonstrated hearing loss. Evidence of a current hearing disability and a medically sound basis for attributing that disability to service may provide a basis for a grant of service connection for hearing loss. See Hensley v. Brown, 5 Vet. App 155 (1993). Furthermore, ringing in the ears is capable of lay observation. See Charles v. Principi, 16 Vet. App 370, 374-75 (2002).
(Continued on the next page)
 
In the present case, there is competent and credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and an audiologist’s reasoned opinion that there is a medically sound basis for attributing the post-service findings to the in-service noise exposure. The cause of the Veteran's bilateral hearing loss and tinnitus was during service, and service connection for bilateral hearing loss and tinnitus is warranted.
 
G. A. WASIK
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Steven D. Najarian, Counsel